# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL JEANTY** | : | **DOCKET NO. 6:14-0152** |
| **A074-176-845** | | |
| **VS.** | : | **JUDGE HAIK** |
| **ERIC HOLDER, JR.** | : | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Daniel Jeanty, pursuant to 28 U.S.C. § 2241.  By this petition, the petitioner challenges his detention in INS custody pursuant to the mandatory detention provision of INA § 236(c).  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner is a native and citizen of Haiti.  He claims to have entered the United States in 1994 or 1995 and thereafter adjusted his status to lawful permanent resident.

In 2005, petitioner was convicted of business burglary in the Circuit Court for Rankin County, Mississippi, for which he was sentenced to seven years imprisonment. He was apparently released on probation.  Thereafter, in 2007, petitioner was convicted of motor vehicle theft and felony evasion in the Circuit Court for Rankin County, Mississippi, for which he was sentenced to six years imprisonment.  Upon completion of his sentence, petitioner was taken into INS custody.

On November 28, 2012, petitioner was served with a Notice to Appear alleging that petitioner was subject to removal based on his having been convicted of an aggravated felony defined in § 101(a)(43)(G) (business burglary) pursuant to INA § 237(a)(2)(A)(iii), two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct pursuant to INA § 237(a)(2)(A)(ii) and an aggravated felony that is a crime of violence defined in § 101(a)(43)(F) pursuant to INA § 237(a)(2)(A)(iii).

On January 22, 2013, an immigration judge orally denied petitioner's request for bond.  On September 30, 2013, petitioner submitted an appeal of that decision to the BIA. Thereafter, on October 8, 2013, in a document entitled "Bond Memo", the immigration judge issued written reasons for denying petitioner's request for a bond and further denied custody redetermination, finding that petitioner was subject to mandatory detention under INA § 236(c) pending his removal proceedings because he has been convicted of an aggravated felony and because he has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  After the filing of a Motion for summary affirmance by the Department, by decision dated November 5, 2013, the BIA found petitioner's appeal untimely.

In the interim, on August 12, 2013, petitioner was found to be removable as charged.  His application for deferral of removal under the Convention against Torture was apparently denied that same date. [*See* rec. doc. 1-3, pg. 70].  Petitioner apparently

appealed that decision to the BIA, which rendered its decision, granting the appeal on October 28, 2013.[1]  It is unclear whether petitioner's Removal Order is therefore final.[2]

Petitioner filed this petition on January 27, 2014 to challenge his mandatory detention pursuant to INA § 236(c) as unconstitutional.

## LAW AND ANALYSIS

Petitioner is detained pursuant to INA § 236(c) which mandates the detention of certain criminal aliens during removal proceedings.  Petitioner does not contest that he falls within the scope of INA § 236(c).  However, he claims that mandatory detention without an individualized bond hearing violates his constitutional rights, especially in light of his status as a lawful permanent resident.

The United States Supreme Court in *Demore v. Kim,* 123 S.Ct. 1708 (2003) considered a similar challenge by a lawful permanent resident to the constitutionality of mandatory detention pursuant to INA § 236(c) and found the challenged detention to be constitutional.  In so finding, the Supreme Court stated that "[d]etention during removal

---

[1]Although not contained in the record, this information was verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings.  This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A074-176-845).

[2]Had the BIA dismissed petitioner's appeal, petitioner's administrative order of removal would have become final, thus, terminating petitioner's detention pursuant to § 1226(c), and subjecting petitioner to detention under § 1231(a)(1)(B)(i) and corresponding statutory 90 day removal period and the jurisprudential six month removal period.  *See Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

3

proceedings is a constitutionally permissible part of the process"[3] and that "[s]uch detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed."[4]  For the reasons articulated in *Kim, supra*, it is clear that detention pursuant to INA § 236(c) does not *per se* violate petitioner's Constitutional  rights.

Moreover, while this Court has recognized that pre-final order detention for lengthy periods of time may be found unconstitutional[5], the undersigned concludes that under the facts presented in this case, petitioner's detention does not reach the constitutional threshold.   As this Court previously noted in *Wilson v. Mukasey*, "the government 'may detain *prima facie* removable criminal aliens, without bond, for a reasonable period of time required to initiate and conclude removal proceedings promptly.'" *Wilson,* 2010 WL 456777 at \*6 *quoting Ly*, 351 F.3d at 273.  "[C]ourts must examine the facts of each case to determine whether there has been unreasonable delay in concluding removal proceedings." *Id.*  In making this determination, the court should look to the actual removability of the criminal alien, and the relative responsibilities of the parties for any delays in the proceedings. *Id*.

---

[3]*Kim*, 123 S.Ct. at 1721-22.

[4]*Kim*, 123 S.Ct. at 1720.

[5]*Wilson v. Mukasey*, 2010 WL 456777, \*6 (W.D. La. 2010) *citing  Ly v Hansen*, 351 F.3d 263, 271 (6th Cir. 2003).

The record before this Court reveals that petitioner appeared before the immigration Court on December 20, 2012.  At that time he requested additional time to obtain an attorney. [rec. doc. 1-3, pg. 17].  He appeared again on January 22, 2013 and again requested additional time to retain counsel. [*Id*. at pg. 21].  On February 5, 2013, petitioner (still unrepresented) contested the charges in the Notice to Appear, and more specifically, refused to admit his 2007 motor vehicle theft and felony evasion convictions stating that he could not recall those convictions.  Accordingly, his case was reset for March 6, 2013. [*Id*. at 33-34].

On March 6, 2013, the Department entered certified copies of petitioner's convictions.  Petitioner requested an opportunity to seek a § 212(h) waiver (as well as for his wife to file an I-130 form on his behalf), adjustment of his status, withholding of removal and relief from removal under the Convention against Torture.  The Court provided petitioner with the necessary forms (I-589, I-485and I-601).  [*Id*. at pg. 53-56].

Petitioner appeared again on April 15, 2013, at which time he requested an additional continuance on his claims for relief because he did not have receipts demonstrating that the proper forms had been filed by him or on his behalf. [*Id*. at pgs. 60-61].  On May 16, 2013, the hearing on petitioner's requests for relief was again continued because petitioner's wife had not yet filed a form I-130 on his behalf. [*Id*. at pg. 64].

5

On June 25, 2013, petitioner withdrew his request for adjustment of status because his wife had been unable to file the I-130 on his behalf; petitioner's request for withholding of removal, asylum and relief from removal under the Convention against Torture were reset for July 19, 2013. [*Id.* at pg. 68]. Petitioner has not provided the Court with documents demonstrating what, if anything, occurred on July 19, 2013.  However, it appears that on his next appearance, August 12, 2013, petitioner was ordered removed to Haiti and his request for relief from removal under the Convention against Torture was denied. [*Id.* at 70 and 86].  As previously noted, On October 28, 2013, petitioner's appeal to the BIA was granted.

It appears that petitioner has been in ICE custody for slightly over one year. However, petitioner is not entitled to relief simply because of the length of the delay in obtaining a final order of deportation.  The delay must be unreasonable.  Based on the record before this Court, it does not appear that the proceeding was unnecessarily delayed by the department.  To the contrary, the majority, if not all, of the delay in this case is attributable to petitioner by requesting additional time at nearly every step of the proceeding.  Accordingly, it appears to the court that petitioner has extended his detention by his own actions. As the court observed in *Ly*:

> Under the rule we adopt today, courts must be sensitive to the possibility that dilatory tactics by the removable alien may serve not only to put off the final day of deportation, but also to compel a determination that the alien must be released because of the length of his incarceration. Without consideration of the role of the alien in the delay, we would encourage deportable criminal aliens to raise frivolous objections and string out the

6

proceedings in the hopes that a federal court will find the delay "unreasonable" and order their release.

*Id.*

Finally, there is no evidence that the government is prevented from removing petitioner to Haiti.  To the contrary, this Court's records demonstrate that Haiti regularly and routinely receives its deported and removed citizens.[6]  Thus, when petitioner's removal order becomes final (if it is not already final), it does not appear that actual deportation is not reasonably foreseeable, as was the case in *Ly* and *Zadvydas*, but rather that petitioner's actual, final deportation will be effected as soon as the petitioner's administrative appeal process ends.  For this same reason,  petitioner's current detention, like the detainee considered by the Supreme Court in *Kim*, has an "obvious termination point," and unlike the detentions considered by the Court in *Zadvydas*, is not "potentially permanent".  *Kim*, 538 U.S. at 528-529.   For these reasons;

**IT IS RECOMMENDED** that this petition be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

---

[6]*See Theagene v. Holder,* 2:09-cv-0810 (W.D. La. 2009) (Haitian petitioner removed after § 2241 *habeas corpus* petition filed); *Tima v. Viator*, 6:11-cv-0594 (W.D. La. 2011) (same); *Auguste v. Viator*, 6:11-cv-0599 (W.D. La. 2011) (same); *Rither v. Viator*, 11-0653 (W.D. La. 2011) (same); *Eugene v. Viator*, 6:11-1970 (W.D. La. 2011) (same).

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, March 10, 2014.

C. MICHAEL HILL.
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RTH
On:  3/10/2014
By:  MBD